IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTTIE H. GIBSON, TDCJ No. 2431664, | § § § | |
| Petitioner, | § § | No. 3:24-cv-1765-L-BN |
| V. | § § § | |
| DIRECTOR, TDCJ-CID, | § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Through a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, Petitioner Scottie H. Gibson challenges his Johnson County convictions for one count of continuous sexual abuse of a young child, seven counts of sexual assault of a child, and two counts of indecency with a child. *See State v. Gibson*, No. DC-F202000027 (18th Jud. Dist. Ct., Johnson Cnty., Tex. Feb. 6, 2023), *aff'd*, No. 10-23-00131-CR, 2024 WL 976689 (Tex. App.—Waco Mar. 7, 2024, pet. ref'd).

United States District Judge Sam A. Lindsay referred Gibson's habeas claims to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After facial deficiencies in Gibson's initial filing were addressed by the filing of an amended petition [Dkt. No. 10], a response was ordered. *See* Dkt. No. 15. A response urging the Court to dismiss the consolidated habeas application as a mixed petition was filed. *See* Dkt. No. 31. Gibson filed several replies. *See* Dkt. Nos. 32-34.

The undersigned now enters these findings of fact, conclusions of law, and

recommendation that the Court should dismiss the federal habeas claims without prejudice to allow Gibson an opportunity to properly exhaust his state remedies.

## Applicable Background

Gibson was convicted at trial and was sentenced to "forty years for count one, thirty-five years each for counts two and three, and ten years each for counts four through ten. The trial court ordered that his sentences for counts one, two, and three shall run consecutively, and the sentences for the remainder of the counts shall run concurrently will all counts." *Gibson*, 2024 WL976689, at *1.

Gibson raised thirteen issues on direct appeal, which the state court of appeals summarized as contentions that "the trial court violated his constitutional rights to a speedy trial, to be free of unreasonable searches and seizures, and to confront witnesses, the trial court erred in admitting certain evidence, and the evidence is legally insufficient to support the convictions of any of the ten counts." *Id*. The court of appeals affirmed.

Gibson then petitioned the Texas Court of Criminal Appeal (the "CCA") for discretionary review. *See* Dkt. No. 10 at 3. And the CCA refused his petition. *See Gibson v. State*, PD-0351-24 (Tex. Crim. App. June 12, 2024).

Although Gibson filed pretrial habeas applications, he did not file state habeas applications concerning his convictions. *See* Dkt. No. 31 at 3-4; Dkt. No. 23-63. Instead, he pursued federal habeas relief immediately after the conclusion of his direct appeal.

**Discussion**

"[S]tate courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 592 U.S. 111, 124 (2020) (per curiam). A state prisoner must therefore fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Loynachan v. Davis*, 766 F. App'x 156, 159 (5th Cir. 2019) ("A federal court may not grant habeas relief unless the petitioner 'has exhausted the remedies available in the courts of the State.'" (citation omitted)).

This entails submitting the factual and legal basis of each claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).[1]

Texas prisoners must present their claims to the CCA in a petition for discretionary review ("PDR") or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

And, while "[a] petitioner need merely press a claim through one of these

---

[1] *See also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quoting, in turn, *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))); *Loynachan*, 766 F. App'x at 159 ("To determine whether a § 2254 petitioner has exhausted a claim, his federal claim should be compared with the claim he raised in state court 'It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.' 'Rather, the petitioner must afford the state court a "fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim."' This reflects the fact in the habeas system, state courts are provided the first opportunity to assess the claim." (citations omitted)).

avenues," "[t]o exhaust a claim, it must also be presented in a procedural context in which state courts necessarily review the claim on the merits." *Loynachan*, 766 F. App'x at 159 (citations omitted).

Here, Respondent is correct that Gibson did not exhaust all the Section 2254 claims now before the Court. *See* Dkt. No. 6. Having reviewed Gibson's briefing in the state court of appeals and the PDR, the Court agrees that at a minimum Gibson's claims in Grounds Three, Four, Five, Nine, Ten, and Eleven were not properly exhausted. The Court also agrees with Respondent that the claim in Ground Two is not fully exhausted as it was not raised as an independent issue but merely alluded to in Gibson's direct appeal briefing of other issues. *See Nickleson*, 803 F.3d at 753 ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition.").

Where exhausted claims are combined with unexhausted claims in the same Section 2254 application, the "'mixed' petition" should generally be dismissed without prejudice to allow a petitioner to exhaust state remedies as to the unexhausted claims. *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice." (citing *Rose*, 455 U.S. at 510; *Whitehead v. Johnson*, 157 F.3d 384, 387 & n.6 (5th Cir. 1998))); *see also Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted." (citing *Rhines v. Weber*, 544 U.S. 269, 274 (2005))).

This general rule should apply here. Gibson still may be able to exhaust his remaining claims through a state habeas petition as he has not yet filed a post-conviction state habeas petition. *Cf. Panetti v. Cockrell*, 73 F. App'x 78, 2003 WL 21756365, at *2 (5th Cir. 2003) (per curiam) (observing that the "mixed" petition rule would not apply where a "state procedural rules would prevent the petitioner from subsequently raising his unexhausted claims in state court," such as where a petitioner could "not raise his unexhausted claims in a subsequent state habeas petition" due to "Texas's abuse of the writ doctrine" (citations omitted)).

## Recommendation

The Court should dismiss this federal habeas action without prejudice to Petitioner Scottie H. Gibson's right to properly exhaust state remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

- 6 -

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 23, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE