IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SCOTTIE H. GIBSON,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Case No. **3:24-CV-1765-L-BN** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

On May 23, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 41) was entered, recommending that the court dismiss without prejudice this habeas action pursuant to the mixed petition rule because the Petition in this case includes exhausted as well as unexhausted claims. On June 10, 2025, the court received Petitioner's Objections (Doc. 42) to the Report in which he contends that he was only required to bring one claim in state court for exhaustion purposes, and he brought numerous claims. He, therefore, argues that he was not required to file a state habeas application under the Texas Rules of Appellate Procedure. Petitioner further asserts that he exhausted some of his claims. Alternatively, Petitioner filed a Motion to Stay (Doc. 43), requesting that the court stay this action until he exhausts his state remedies as to all claims asserted.

The court **overrules** Petitioner's Objections (Doc. 42), as Petitioner acknowledges that he only exhausted some of his claims, and the magistrate judge correctly notes that the general rule applicable to mixed petitions containing exhausted and nonexhausted claims applies here. The court also **denies** Petitioner's Motion to Stay (Doc. 43). While a district court may stay an action to allow a petitioner to exhaust his or her state remedies, such a stay is "available only in limited circumstances" and "is only

Order – Page 1

appropriate when the district court determines that there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). This court previously dismissed a section 2254 habeas petition filed by Petitioner for failure to exhaust his state court remedies. *See Gibson v. State of Texas*, No. 3:23-cv-2132-L-BH, 2024 WL 385700 (N.D. Tex. Jan. 31, 2024). Petitioner subsequently returned to state court to complete his direct appeal, but he filed the current action before exhausting all of his claims. Additionally, Petitioner's Motion to Stay makes no attempt to establish good cause for his failure to exhaust all of his claims in state court before filing the current action. The court, therefore, determines that a stay of this action is not warranted, as the type of limited circumstances that would justify the stay requested are not present here.

Having considered Petitioner's habeas petition, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action as a result of Petitioner's failure to exhaust his state remedies with respect to all of his claims.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner

---

[*] Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, as amended effective on December 1, 2019, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**Order – Page 2**

has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. If Petitioner files a notice of appeal, he must pay the appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 13th day of June, 2025.

Sam A. Lindsay
United States District Judge

---

(**b**) **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 3**